MEMORANDUM DECISION AND JUDGMENT ENTRY.
Respondent village of Golf Manor ("the village") employed relator Kevin Sorrells as a police officer. The police chief of the village suspended Sorrells from the police force for disciplinary reasons and submitted a report to the mayor as required under R.C. 737.19. Following a meeting with Sorrells on November 14, 1997, the mayor of the village fired him from the force. Sorrells obtained a copy of the notification of his termination at the police department that evening. The village solicitor sent a facsimile transmission of the decision to Sorrells's counsel that same date.
Sorrells's counsel contended, by way of affidavit, that on November 17, 1997, he returned a telephone call to the solicitor and informed the solicitor that it was his understanding Sorrells wanted to appeal the decision to the village council. According to Sorrells's counsel, the solicitor stated that he was not surprised and that he would discuss the matter with counsel at a later time. Having not heard from the solicitor, Sorrells's counsel called him November 20, 1997, to determine whether Sorrells could "bypass council and go directly to the Court of Common Pleas." The solicitor informed him that he had not perfected his appeal because he was out of time.
The village solicitor, in his affidavits, stated that his first contact with Sorrells's counsel after Sorrells's termination was a November 20, 1997, telephone call from Sorrells's counsel. According to the solicitor, Sorrells's counsel asked whether there was any way that Sorrells could "take his case directly to the Court of Common Pleas." The solicitor informed Sorrells's counsel that Sorrells was statutorily required to bring the matter before council first, but that the appeal time for doing so "had run on November 19, 1997." Sorrells's counsel expressed surprise and stated his belief that Sorrells had ten days to appeal his termination. Later that afternoon, Sorrells's counsel called and expressed his belief that the solicitor had known that Sorrell wished to appeal the mayor's judgment.
Sorrells's counsel also swore in his affidavit that he had no time records regarding Sorrells's case from November 14, 1997, through November 20, 1997. The village solicitor testified in his deposition that he did not have records of incoming calls, but that he would provide records of his contacts and telephone conversations on the case. Attached to his subsequent affidavit was a computer-generated time-keeping printout that indicated correspondence with Sorrells's counsel on November 20, 1997. The printout also indicated a November 21, 1997, telephone call to Sorrells's counsel. The printout did not contain a record of any incoming telephone calls. Even with all the conflicting evidence as to when telephone calls were made and what was said, it is undisputed that Sorrells never filed a written appeal and that, other than the village solicitor, he never contacted any person or entity about his desire to appeal.
Sorrells has filed a petition for a writ of mandamus in this court, requesting that we direct the village to grant him a hearing on his termination. In response, the village has moved to dismiss the petition under Civ.R. 12(B)(6) or, in the alternative, to have summary judgment granted in its favor. The record before us consists of a number of affidavits with attachments and the transcripts of the depositions of the solicitor and Sorrells's counsel. In order for this court to grant his petition, Sorrells must demonstrate that the village is under a clear legal duty to hold a hearing; that Sorrells has a clear legal right to the hearing; and that Sorrells has no plain and adequate remedy in the ordinary course of law.[1]
R.C. 737.19(B) states that a removal from a village police department "may be appealed to the legislative authority of the village * * *." It is undisputed that Sorrells's counsel did not inform the legislative authority of his desire to appeal the mayor's judgment. Sorrells's counsel spoke only with the village solicitor following notice of Sorrells's termination. The statute clearly requires that an appeal under R.C. 737.19(B) be made to the legislative authority of the village.
In analyzing the situation before us, we take judicial notice of both the ordinances and the charter of the village. Golf Manor Codified Ordinance 101.02(d) states that the legislative authority for the village is the village council. Section 4.01, Article IV of the Charter of Golf Manor states that the council is composed of six members, all electors. The charter also designates the mayor the official to preside at council meetings, and to introduce ordinances and resolutions, and it allows the mayor to participate in all matters before the council. The mayor is also the official recognized for the serving of civil process.[2]
Section 5.02, Article V of the charter defines the duties of the village solicitor. It states that the solicitor serves as the village's legal advisor and counsel, provides written legal opinions on request, represents the village in all litigation where it is a party, prosecutes all offenses under the village's ordinances or, upon request, under state law, prepares all written instruments on behalf of the village, and performs all other "duties of a legal nature" imposed by the council. The solicitor cannot be a council member. This is because R.C. 731.12 prohibits any council member from being interested in any contract with the village, including the one by which a village must obtain the legal services of its village solicitor.[3] Further support for the solicitor's exclusion as a council member is found in that part of the village charter requiring only that the solicitor be a resident of Hamilton County,[4] not necessarily an elector of the village.
There is nothing in the village's charter or ordinances or in the applicable state statutes authorizing Sorrells to serve a notice of appeal on the solicitor or authorizing the solicitor to accept the notice on behalf of the village council. The solicitor is not a member of the legislative authority. The solicitor is not the designated person for service of process. The solicitor is not designated as the council's keeper of records. Mandamus is available only when the legal right to the requested writ is clear. Under the facts of this case, where what purported to be Sorrells's notice of appeal was made to the village solicitor and not to the legislative authority, we conclude Sorrells has failed to demonstrate that he has a clear legal right to a hearing before the village council.
Though we need not and do not determine whether R.C. 737.19
contemplates a written appeal, the conflicting evidence concerning the timeliness of Sorrells's appeal aptly demonstrates the problems that arise when an appeal is not memorialized in written form. An "appeal" certainly implies at least a piece of paper. A writing not only protects the parties but also serves the practical purpose of establishing an unambiguous record for a reviewing tribunal. We are hard-pressed to imagine any instance where a party invoking a legal proceeding can do so without providing written notice to the tribunal designated to conduct that proceeding.
We conclude that the village is entitled to summary judgment as a matter of law. Sorrells's petition for writ of mandamus is, thus, denied.
Writ denied.
Doan, P.J., Hildebrandt and Painter, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 19, 1999 per order of the Court _______________________________.
Presiding Judge
[1] See State ex rel. Goddard v. Niehaus (Mar. 6, 1998), Hamilton App. No. C-970305, unreported.
[2] Section. 3.02, Article III, Golf Manor Charter.
[3] See R.C. 733.48.
[4] Section 5.02, Article V, Golf Manor Charter.